In the Interest of JOHN DOE, born on August 7, 1961, Juvenile-Appellant

NO. 7615

FEBRUARY 17, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY BURNS, J.

This is an appeal from an order granting the State's Petition for Waiver of Jursidiction over then-juvenile John Doe, born on August 7, 1961. The waiver petition was orally granted by Judge Wendell K. Huddy of the First Circuit Family Court on July 27, 1979 and entered by written order on August 20, 1979.

Appellant first argues that the court abused its discretion by finding "against both the evidence and the wording of HRS § 571-22(a)[1] that Appellant posed a threat to the 'safety of the community' within the meaning of § 571-22(a)''. (Footnote added.)

Appellant bases his argument on two propositions: That the record must contain substantial evidence supporting the finding below (see In re John Doe, born November 12, 1958, 61 Haw. 48, 594 P.2d 1084 (1979); and that, as a matter of law, the record in this case does not contain substantial evidence supporting the finding that appellant posed a sufficient threat to the safety of the community so as to require continued

---

[1] § 571-22 Waiver of jurisdiction; transfer to other courts. (a) The court may waive jurisdiction and order a minor or adult held for criminal proceedings after the full investigation and hearing where the person during his minority, but on or after his sixteenth birthday, is alleged to have committed an act which would constitute a felony if committed by an adult, and the court finds there is no evidence the person is committable to an institution for the mentally defective or retarded or the mentally ill, is not treatable in any available institution or facility within the State designed for the care and treatment of children, or that the safety of the community requires that the person continue under judicial restraint for a period extending beyond his minority.
This section has since been amended. See Act 303 § 7(4), Session Laws of Hawaii (SLH) 1980.

judicial restraint beyond his minority. We disagree with the latter proposition.

At the age of 14, appellant was charged in the First Circuit Family Court with committing acts which, if committed by an adult,[2] would constitute the offense of burglary in the first degree (*see* HRS § 708-810 (1976) ). He admitted guilt and was counseled and released.

In March 1978, at the age of 16, he was committed to the Hawaii Youth Correctional Facility (HYCF) for ten (10) days and placed on probation by the Third Circuit Family Court for the commission of acts which, if committed by an adult, would constitute the offenses of burglary in the first degree and unauthorized control of propelled vehicle (*see* HRS § 708-836 (1976) ).

In February 1979, while he was still on probation and after he had been charged with acts which, if committed by an adult, would constitute the offense of criminal property damage in the fourth degree (*see* HRS § 708-823 (1976) ), he moved to the First Circuit without the knowledge or permission of the Third Circuit Court.

On May 9, 1979, appellant, then 17 years and 9 months of age, was charged with the commission of acts on April 15, 1979 which, if committed by an adult, would constitute the offense of theft in the third degree (*see* HRS § 708-833 (1976) ).

On May 21, 1979, appellant was charged with the commission of acts on April 16, 1979 which, if committed by an adult, would constitute the offense of robbery in the first degree (*see* HRS § 708-840 (1976) ).

On June 7, 1979, the State filed a petition for waiver of jurisdiction with respect to the robbery charge.

On May 30, 1979, at a hearing before Judge Barry J. Rubin, the appellant admitted the theft charge. On June 28, 1979, Judge Rubin (1) extended the family court's jurisdiction over appellant until his nineteenth birthday (*see* HRS § 571-13 (1976) ), and (2) committed appellant to HYCF until his nineteenth birthday, but (3) stayed the mittimus on the condi-

---

[2] *See* HRS § 571-1 (1976).

tion that appellant enter the Habilitat program and remain there until further order of the court.

The next day, the Habilitat decided not to accept appellant into its program, reporting that appellant "did not want to accept the reality that he would have to change his negative behavior".

On July 18, 1979, the diagnostic team appointed by the court in the waiver case (see HFCR, rule 128) reported that appellant "would be treatable as a juvenile and there would be a reasonable potential he would be satisfactorily rehabilitated by age 19, provided he is accepted into the Alcoholic Treatment Facility and remains in the program until clinically discharged". The team therefore recommended "that the Petition for Waiver be held in abeyance".[3]

The hearing on the waiver petition was held before Judge Huddy on July 27, 1979. Evidence was introduced that appellant had been accepted by the Alcohol Treatment Facility (ATF).

Appellant argues that because his prior record consisted solely of acts which would have been crimes against property if committed by adults, those acts could not, as a matter of law, amount to substantial evidence that the safety of the community required restraint beyond age 19. This proposition is unsupported by citation to case law, legislative history or any other authority. It amounts to an assertion that "safety of the community", as those words are used in HRS § 571-22(a) (1976), means "physical safety of individuals in the community".

Neither authority, logic, nor common sense compels, or even recommends, acceptance of appellant's argument. To say that offenses against persons are "worse" than offenses

---

[3] We question but do not rule on the appropriateness of such a procedure. The prosecutor brings the petition and is entitled to have it heard in due course on the merits. The court can defer decision after holding a hearing, but if it does so, it will face the problem discussed in *In re John Doe*, born September 24, 1958, 61 Haw. 561, 606 P.2d 1326 (1980).

against property[4] is not to say that a minor found responsible for offenses against property does not pose a substantial threat to the safety of the community.

Further, appellant's argument ignores the fact that the trial court assumes, for the purpose of the waiver hearing, that the alleged law violator has in fact committed the acts currently charged. *In re John Doe*, born September 24, 1958, *supra*.

In this case, Judge Huddy was confronted with a person ten days short of his eighteenth birthday who had been counseled and released for a law violation at the age of 14, who at the age of 16 had been committed to HYCF for ten (10) days and placed on probation for further law violations, who was not doing well at home or at school or in the community, who some 29 days earlier had been rejected by Habilitat because, even though he was facing possible waiver, he was not ready and willing to commit to changing his negative behavior, and who had been placed in HYCF until his nineteenth birthday for a law violation committed while on probation. Clearly, there is substantial evidence to support Judge Huddy's finding that the safety of the community required that appellant remain under judicial restraint beyond his nineteenth birthday.

Appellant's second argument concerns Judge Huddy's finding of fact that ATF was not a viable alternative because Judge Rubin's order committing appellant to HYCF remained in effect. Appellant contends that Judge Huddy (1) had the power under HRS § 571-1[5] to amend Judge Rubin's

---

[4] *See, e.g.*, HRS § 571-22(b)(3), as amended by Act 303, SLH 1980.

[5] HRS § 571-1 (1976), since amended (*see* Act 303, SLH 1980), then provided in pertinent part:

§ 571-1 Construction and purpose of chapter. This chapter shall be liberally construed to the end that children and families whose rights and well-being are jeopardized shall be assisted and protected, and secured in those rights through action by the court; that the court may formulate a plan adapted to the requirements of the child and his family and the necessary protection of the community, and may utilize all state and community resources to the extent possible in its implementation.

*See also* HRS §§ 571-43 (1976) and 571-50 (1976).

order, and (2) would not have so ruled had he been aware of his power.

It is clear that Judge Huddy did not think he had the power to amend Judge Rubin's order or to cause it to be amended. However, it is also clear that appellant did not ask Judge Huddy to conclude otherwise and did not offer Judge Huddy any basis upon which he might have concluded otherwise. Appellant's resistance to the waiver petition was based solely on the facts that he was accepted at and willing to enter ATF and on the diagnostic team's conclusion that he could be satisfactorily rehabilitated by age 19 if he entered and remained in ATF until clinically discharged.

Ordinarily, a judgment will not be reversed upon a legal theory not raised in the court below. *Earl M. Jorgenson Co. v. Mark Const., Inc.*, 56 Haw. 466, 540 P.2d 978 (1975), *Fujioka v. Kam*, 55 Haw. 7, 514 P.2d 568 (1973), *Akamine and Sons, Ltd. v. Hawaii Nat. Bank, Honolulu*, 54 Haw. 107, 230, 503 P.2d 424 (1972). Appellate courts will deviate from this general rule when justice so requires. *Jorgenson, supra; Fujioka, supra; Akamine, supra*. In this case we conclude that justice does not so require.

Although we do not rule on appellant's contention no. 1, we disagree with his contention no. 2. Notwithstanding his perceived inability to change Judge Rubin's order, Judge Huddy specifically found that ATF was "available" and that appellant was therefore "treatable" and that HRS § 571-22 (1976) had been satisfied in that respect. However, the record indicates that Judge Huddy's conclusion that the safety of the community requires that appellant continue under judicial restraint for a period extending beyond his minority was based as much on the appellant's record and age as it was on Judge Huddy's allegedly mistaken conclusion that he had no power to change Judge Rubin's order.

A minor who is treatable within the meaning of HRS § 571-22 (1976) may nonetheless be waived if the safety of the community so requires. *In Re Dinson*, 58 Haw. 522, 574 P.2d 119 (1978). Therefore, we affirm the lower court's decision in this case.

*Norma Titcomb (Marie N. Milks and June Y. Inouye* on the briefs), deputy public defenders, for juvenile-appellant.

*Robert S. N. Young,* deputy prosecuting attorney, for plaintiff-appellee.