687 P.2d 412

**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. J–98065.**

**No. 1 CA–JUV 229.**

Court of Appeals of Arizona, Division 2, Department B.

Aug. 21, 1984.

Alston, Edwards & Novak by Terry H. Pillinger, Phoenix, for appellant.

Thomas E. Collins, Maricopa County Atty. by Sandra L. Janzen, Deputy County Atty., Phoenix, for appellee.

## OPINION

GREER, Judge.

This juvenile action arose as the result of the theft of a car. The facts are not in dispute.

On March 16, 1983, a petition was filed against the juvenile, alleging that he had committed the theft of and criminal damage to a 1980 Audi automobile. On the same day, the county attorney filed a request for transfer so that the juvenile could be tried as an adult. A transfer hearing was held. Testimony at the hearing revealed that the juvenile and others had been together around midnight on February 27, 1983. The juvenile told his friends to wait for him, and five to ten minutes later he appeared with the victim's Audi. One of the friends testified that they had taken the car to play a game of "hunt and chase." During the game, the car collided with a telephone pole, and the juvenile thereafter pushed the car into the canal. An insurance adjuster testified that the car was a total loss.

The court found probable cause to believe that the juvenile committed the offenses of knowingly controlling property with the intent to deprive and damaging property in excess of $1,500. The court thereafter ordered transfer for criminal prosecution. The juvenile appeals that order.

■ The juvenile first argues that the court erred in finding probable cause to believe that the theft was committed. He contends that the state failed to prove his intent to permanently deprive the victim of

the car. The state correctly notes that the theft statute, A.R.S. § 13–1802, does not require permanent deprivation.[1] *State v. Yarbrough*, 131 Ariz. 70, 638 P.2d 737 (App.1981). The statute requires control with the intent to deprive. A.R.S. § 13–1802(A)(1). "Control" is an act so as to exclude others from using their property except on the defendant's own terms. A.R.S. § 13–1801(1). "Deprive" means to withhold the property interest of another either permanently or for so long a time period that a substantial portion of its economic value or usefulness or enjoyment is lost, or to withhold it with the intent to restore it only upon payment of a reward or other compensation or to transfer or dispose of it so that it is unlikely to be recovered. A.R.S. § 13–1801(2).

▊ In order to arrive at a conclusion of probable cause, there must be more evidence for, rather than against guilt, and there must exist such a state of facts as would lead a man of ordinary caution to conscientiously entertain a strong suspicion of guilt. *In Re Anonymous*, 14 Ariz.App. 466, 484 P.2d 235 (1971). We find that the undisputed evidence supports the finding of probable cause to believe the juvenile committed theft.

The juvenile next argues that the judge erred in finding that the safety or interest of the public required the transfer. He contends that he had never been involved in any activity which injured anyone and had never committed any crime involving confrontation with the victim. He states that the psychologist's report, which concluded that the juvenile should be transferred, is contrary to the weight of the evidence.

▊ In reviewing the juvenile court's determination to transfer an individual, the standard of review is whether the juvenile court abused its discretion. Absent an abuse of discretion, the finding will not be disturbed. *In Re Pima County, Juvenile Action No. J–218–1*, 22 Ariz.App. 327, 527 P.2d 104 (1974).

▊ No Arizona case defines "safety or interest of the public," and no Arizona case holds that only crimes against persons are deemed threats to the safety or interest of the public. The Hawaii Court of Appeals addressed the issue in *In the Interest of John Doe*, 1 Hawaii App. 611, 623 P.2d 1262 (1981). The appellant in that case argued that because his prior record consisted solely of acts which would have been crimes against property if committed by adults, those acts could not, as a matter of law, amount to substantial evidence that the safety of the community required restraint beyond age 19. The court rejected the argument and held that

> To say that offenses against persons are 'worse' than offenses against property is not to say that a minor found responsible for offenses against property does not pose a substantial threat to the safety of the community.

623 P.2d at 1264 (footnote omitted). We agree with the Hawaii court. The trial judge's finding that the juvenile is a threat to the safety or interest of the public is not arbitrary or capricious.[2]

The final issue raised by the juvenile is whether the court erred in finding the juvenile not amenable to treatment or rehabilitation as a child.

Dr. Roger Martig, a clinical psychologist who examined the juvenile, testified that

---

1. A.R.S. § 13–1802 provides, in pertinent part:
   A. A person commits theft if, without lawful authority, such person knowingly:
   1. Controls property of another with the intent to deprive him of such property; or
   2. Converts for an unauthorized term or use services or property of another entrusted to the defendant or placed in the defendant's possession for a limited, authorized term or use; or
   3. Obtains property or services of another by means of any material misrepresentation with

the intent to deprive him of such property or services;

\* \* \* \* \* \*

2. Regarding the psychologist's report, we note that the juvenile court is not bound by the recommendations of the staff psychologist or probation officer. *In the Matter of Pima County Juvenile Action No. 53358–6*, 126 Ariz. 417, 616 P.2d 92 (App.1980).

although the juvenile looked amenable to treatment on the surface, internally the juvenile passively resisted or withdrew from therapy. Dr. Martig testified:

> ... there is a projection process where he is not taking responsibility for his part of [his problems] and he is expecting these aspects to be cured outside of himself; not from within himself.
>
> .    .    .    .    .
>
> ... it's taking responsibility for one's action and one's feelings and that's really not occurring at that internalized level that I mentioned.

When questioned as to how the juvenile's not accepting responsibility affects his responsiveness to treatment, Dr. Martig responded:

> It correlates directly.
>
> .    .    .    .    .
>
> It makes him highly resistant to dealing with what's going on with himself and take much more confrontation and much longer periods of time to work with him.

Dr. Martig's opinion was that the juvenile was not amenable to treatment before his eighteenth birthday. Although Dr. Gary Decker, another psychologist, testified that he disagreed with Dr. Martig's opinion, the trial judge had wide discretion in resolving the conflict in testimony. *Carrasco v. Carrasco*, 4 Ariz.App. 580, 422 P.2d 411 (1967). We will not substitute our opinion for that of the trial court when the evidence is in conflict. *Rossi v. Stewart*, 90 Ariz. 207, 367 P.2d 242 (1961).

■ The judge found that the juvenile had a conduct disorder, was undersocialized and aggressive. The judge noted the Court Center psychologist's opinion that the juvenile should be transferred "predicated on his age, his acting out potential in the moderate range and his resistance to behavioral change." The juvenile's referral history began in 1979 with the theft of a bicycle, and a March 1982 shoplift; both events led to counseling and warnings. The judge found that the juvenile was three months from turning 18 years old, at which time the juvenile system would lose its jurisdiction over the appellant. The trial judge also found that

> The prospects for adequate protection of the public and the reasonable likelihood of rehabilitation of the juvenile based on:
>
> a. his age;
>
> b. the seriousness and sophistication (to some extent) of the present referral;
>
> c. the failure to be impressed with prior warnings by the juvenile system; by the use of procedures, services and facilities currently available to the Juvenile Court are nill.

We cannot say these findings are clearly erroneous or an abuse of discretion. Accordingly, the order is affirmed.

BROOKS, P.J., and KLEINSCHMIDT, J., concur.