793 P.2d 570

**In the Matter of the Appeal in COCHISE COUNTY JUVENILE DELINQUENCY ACTION NO. DL88–00037.**

**No. 2 CA–JV 90–0017.**

Court of Appeals of Arizona, Division 2, Department B.

June 19, 1990.

Robert Arentz, Cochise County Public Defender by Bruce Houston, Bisbee, for minor.

Alan K. Polley, Cochise County Atty. by Dushan S. Vlahovich, Bisbee, for State.

OPINION

LACAGNINA, Judge.

This appeal is taken from the order of the juvenile court transferring the minor to superior court for prosecution as an adult. The minor argues that the juvenile court erred in allowing the juvenile probation officer to testify and in admitting the officer's transfer investigation report. He further requests this court to review the entire record for fundamental error, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Maricopa County Juvenile Action No. JV–117258*, 163 Ariz. 484, 788 P.2d 1235 (App. 1989).

The minor had a prior history of delinquency adjudications, had previously been placed on intensive probation and was committed to the Department of Corrections on May 20, 1989. He was paroled on October 11, 1989. The transfer petition, filed February 5, 1990, was accompanied by an amended delinquency petition alleging 86 delinquent acts, including burglaries, thefts and criminal damage. Four were alleged to have been committed prior to the minor's incarceration. The remainder occurred between October 18, 1989, and January 3, 1990.

At the combined probable cause/transfer hearing, in addition to testimony concerning the alleged offenses, the juvenile court

heard testimony from the minor's probation officer, Natalio Sabal, and admitted into evidence his report prepared pursuant to Ariz.R.P.Juv.Ct. 12(b), 17B A.R.S. The minor objected both to the testimony and to the admission of the report on foundational grounds, because Sabal had done no investigation in preparation of the report other than to review the minor's file and discuss the matter with the minor's prior probation officers. Sabal testified that he had served as the minor's probation officer over a year earlier and had been reassigned to him to prepare the transfer investigation report. In the course of preparing the report, he spoke to neither the minor nor his mother, nor any of the minor's counselors or other Department of Corrections personnel. The juvenile court overruled the minor's objections, concluding that counsel could bring out the deficiencies in the report on cross-examination. The court also heard testimony on behalf of the minor from two of his counselors at the Department of Corrections, neither of whom could testify that the minor could be successfully rehabilitated within the six months remaining before his eighteenth birthday.

At the conclusion of the hearing, the juvenile court found that the state had shown probable cause as to all but seven of the allegations. The court further ordered that the minor be transferred, based on the following findings:

(1) This Court FINDS that the allegations to which this Court has found there to be probable cause are serious in nature and were committed in a premeditated and willful manner by the Juvenile.

(2) The alleged offenses are in the nature of crimes against the property of the citizens of the County of Cochise, State of Arizona.

(3) The Juvenile has demonstrated that his conduct is in conformity with a pattern of crime which is sophisticated and establishes a level of maturity in that the Juvenile did willingly and voluntarily associate with adults in the commission of these crimes, and did engage in such conduct and commission of crimes immediately following release on parole from the Department Of Corrections and after having progressed with the Department Of Corrections treatment plan prior to that date of release on October 11, 1989.

(4) This Court has considered the Juvenile's age, intelligence, education, environment, emotional attitude, and pattern of living, and FINDS that each of those are consistent with the Court's Adjudication and Order concerning the trans[f]er of this matter to Superior Court, Adult Division.

(5) The Court FINDS that the Juvenile is not committable to an institute for the mentally deficient, me[n]tally defective or mentally ill persons, and that he does know right from wrong.

(6) The Court has considered and has reviewed and does take Judicial Notice of the official Court files of the record, and the previous history of the Juvenile, including contacts with this Court and the various law enforcement agencies during his prior period of Probation and Juvenile Intensive Probation, his commitment to the Department Of Corrections, his parole from the Department Of Corrections, as well as his current and testified-to treatment plan with the Department Of Corrections.

(7) The Court does not Find that the Juvenile has previously been transferred for trial as an adult from the Juvenile system prior to the entry of this Order.

(8) The Court specifically considering the testimony of witnesses for the Juvenile, Messrs. Vhishm Naraine and Stanley Miller, does FIND that the Juvenile has made simply minimal and adequate progress pursuant to a treatment plan, of which each of the witnesses could not state that the Juvenile could successfully complete prior to his eighteenth birthday.

IT IS THE FURTHER FINDING OF THE COURT that the Juvenile has had made available to him the use of all services and facilities currently available to this Juvenile Court, and that the Juvenile was paroled from the Department Of

Corrections and immediately engaged in criminal conduct which as stated by Mr. Naraine indicates that, if proven, the Juvenile represents a "menace to society".

IT IS THE FURTHER FINDING OF THE COURT that the safety and interest of the Public, in light of the allegations contained in the subject Amended Petition to which this Court has found there to be probable cause, is in great jeopardy if in fact the Juvenile has committed said acts.

IT IS THE FURTHER FINDING OF THE COURT specifically that the Juvenile is not amendable [sic] to treatment or rehabilitation as a delinquent person through the available facilities and, further, that it is in the best interest of the Public and it is for the protection of the citizens of the County of Cochise that this Juvenile should be REMANDED based on the record presented to the Court.

■ We reject the minor's contention that the probation officer's opinion testimony was inadmissible because he lacked personal knowledge of the facts. Sabal had previously served as the minor's probation officer and was familiar with his juvenile record. That he may have failed to conduct an adequate investigation prior to preparing his report is a matter which goes to the weight of his testimony, not its admissibility. The minor had the opportunity to, and did, bring out the deficiencies in the investigation on cross-examination.

■ We also find no error in the admission of the report itself. We agree with the opinion of Division One of this court in *Romley v. Superior Court*, 163 Ariz. 278, 787 P.2d 1074 (App.1989), that the report is prepared pursuant to Rule 12(b) for the court's consideration in determining whether transfer is appropriate and need not be introduced into evidence by either party. *See also Maricopa County, Juvenile Action No. J-94518*, 138 Ariz. 287, 674 P.2d 841 (1983). Again, the minor has ample opportunity to bring any errors or deficiencies in the report to the court's attention by examination of the probation officer or other witnesses.

■ The minor has also requested that we review the entire record for fundamental error. Overruling its prior decisions, Division One has held that equal protection requires that Ariz.R.P.Juv.Ct. 25(b) be construed to permit *Anders* appeals in juvenile cases and that in such cases the court will review the entire record for fundamental error. *Maricopa County Juvenile Action No. JV-117258, supra.* Although that case involved an appeal from a delinquency adjudication, we believe that the rationale applies with equal force to appeals from transfer orders. Such orders are appealable, *Maricopa County, Juvenile Action No. J-73355*, 110 Ariz. 207, 516 P.2d 580 (1973), and we do not believe that the issue of the propriety of a transfer order is properly the subject of an appeal from a conviction in superior court. *But see State v. Alaffa*, 126 Ariz. 573, 617 P.2d 525 (1980); *State v. Taylor*, 112 Ariz. 68, 537 P.2d 938 (1975), *cert. denied*, 424 U.S. 921, 96 S.Ct. 1127, 47 L.Ed.2d 328 (1976). In any event, given the limited duration of the juvenile court's jurisdiction, the opportunity for effective appellate review must be provided as soon as possible after the issuance of the order.

Although not raised by the parties and not addressed by Division One in *JV-117258, supra*, we have considered whether application of *Anders* to juvenile appeals also requires that the minor be furnished with a copy of counsel's brief and the opportunity to file a supplemental brief. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498. While we agree with Division One that no rational basis exists for appellate courts to decline to examine the entire record for fundamental error in juvenile cases where appellate counsel finds no merit to the appeal, we do not believe that equal protection requires full application of the procedures required by *Anders* in criminal appeals. The purpose of permitting an adult defendant to file a supplemental brief is to permit him "to raise any points he chooses" in furtherance of his appeal. *Id.* This presupposes a level of maturity and sophistication which a juvenile presumptively lacks. Moreover, the resulting delay

in the appellate process undermines the goal of expeditious review of juvenile cases in light of the juvenile court's limited jurisdiction over the minor. These considerations lead us to conclude that a rational basis exists for limiting the application of *Anders* in juvenile appeals to the requirement that appellate courts conduct an independent review of the record for fundamental error.

In the present case, our review reveals no basis for reversal of the transfer order. As noted above, the juvenile has had a lengthy history of prior involvement with the juvenile system, and numerous attempts have been made to rehabilitate him within that system. He has nevertheless persistently engaged in serious criminal conduct, together with another juvenile and two adults. The most telling evidence is the fact that the latest spree of offenses commenced less than two weeks after his parole from the Department of Corrections. During that incarceration, his progress in therapy was described as minimally adequate, and neither his counselors nor any other witnesses were able to opine that he could be successfully rehabilitated within the six months remaining of juvenile court jurisdiction. The record fully supports the juvenile court's findings as to probable cause and its order transferring the minor to superior court for prosecution as an adult.

Affirmed.

FERNANDEZ, C.J., and LIVERMORE, P.J., concur.