NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE FRANCISCO F.

No. 1 CA-JV 17-0263
FILED 10-31-2017

Appeal from the Superior Court in Maricopa County
No.  JV 201229
The Honorable Utiki Spurling Laing, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Preciado Law Firm, PLC, Phoenix
By Stephanie Preciado
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Margaret H. Downie joined.

**C A M P B E L L**, Judge:

¶1        Francisco F. ("the Juvenile") timely appeals from his commitment to the Arizona Department of Juvenile Corrections ("ADJC"). After searching the record on appeal and finding no arguable, non-frivolous question of law, the Juvenile's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), *State v. Leon*, 104 Ariz. 297 (1969), and *Maricopa County Juvenile Action No. JV-117258*, 163 Ariz. 484 (App. 1989), asking this court to search the record for fundamental error. This court denied counsel's motion to allow the Juvenile to file a supplemental brief in accordance with *In re Cochise County Juvenile Delinquency Action No. DL88-00037*, 164 Ariz. 417, 419-20 (App. 1990). After reviewing the entire record, we find no fundamental error and affirm the juvenile court's disposition.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Through a plea agreement, the Juvenile admitted to a charge of criminal trespass (a class 3 misdemeanor) from a petition dated October 28, 2016.[1] Through a second, later plea agreement, the Juvenile also admitted to: one count of aggravated assault (a class 6 undesignated felony), one count of attempted voyeurism (a class 6 undesignated felony), and one count of aggravated assault with a dangerous instrument (a class three felony), all from two petitions both dated February 10, 2017; and one count of aggravated assault (a class six undesignated felony) from a petition dated March 1, 2017. The juvenile court scheduled a disposition hearing for all of the counts listed above on May 23, 2017. At disposition, the juvenile court committed the Juvenile to ADJC for a minimum term in secured care

---

[1] We note that, while the minute entry for the disposition hearing includes the criminal trespass charge from the October 28, 2016 petition, the juvenile court did not refer to it in either the commitment order or during the hearing. However, its presence in the minute entry manifests the juvenile court's intent to include it as one of the charges to be disposed of, and the Juvenile was not prejudiced by its omission. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005) (fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial"; to prevail under this standard, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice).

of 30 days and ordered the Juvenile to participate in any services arranged for him through ADJC providers. No restitution was imposed.

## DISCUSSION

**¶3**       We have reviewed the entire record for fundamental, reversible error and find none. *See Maricopa Cty. Juv. Action No. JV-117258*, 163 Ariz. at 488. The court found the Juvenile knowingly, intelligently, and voluntarily entered into the plea agreements and the punishment imposed is lawful. *See* Ariz. Rev. Stat. § 8-341(A)(1). The Juvenile was present and represented by counsel at all critical stages.

## CONCLUSION

**¶4**       No further briefing is necessary. We affirm the juvenile court's disposition. After the filing of this decision, defense counsel's obligations pertaining to the Juvenile's representation in this appeal have ended. Defense counsel need do no more than inform the Juvenile of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See* Ariz. R.P. Juv. Ct. 107(A); *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:  AA