NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE FERNANDO S.

No. 1 CA-JV 18-0141
FILED 9-4-2018

Appeal from the Superior Court in Maricopa County
No.  JV199588
The Honorable Alysson H. Abe, Judge *Retired*

**AFFIRMED**

COUNSEL

The Law Office of Kevin Breger, Scottsdale
By Kevin Breger
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jon W. Thompson joined.

**J O N E S**, Judge:

¶1          Fernando S. appeals the juvenile court's order transferring a delinquency petition for criminal prosecution as an adult.  After searching the entire record, Fernando's counsel asks this Court to search the record for fundamental error in accordance with *Anders v. California*, 386 U.S. 738 (1967), *State v. Leon*, 104 Ariz. 297 (1969), and *Cochise County Juvenile Delinquency Action No. DL88-00037*, 164 Ariz. 417 (App. 1990).  Finding none, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          In February 2018, the State filed a petition alleging Fernando committed theft of means of transportation, minor in possession of a firearm, possession of a dangerous drug, possession of drug paraphernalia, possession of burglary tools, and false reporting to a law enforcement officer arising out of events occurring in August 2017.[1]  The State requested Fernando be transferred for criminal prosecution as an adult, where he had other charges pending.

¶3          At a hearing in April 2018, an officer with the Department of Public Safety testified he observed Fernando at a gas station on August 5, 2017, exiting and then returning to a vehicle that had been reported stolen three days before.  The vehicle was in "drivable but poor condition" and had been spray painted black; the stereo had also been removed.  After approaching Fernando, the officer conducted a safety frisk and discovered a loaded handgun in Fernando's waistband.  The officer determined Fernando was a minor with an active warrant and arrested him.  During a search incident to arrest, the officer found a clear plastic baggie containing 12.6 grams of methamphetamine, a single manipulation key,[2] and a key to the stolen vehicle in Fernando's pocket.  After being advised of his rights

---

[1]      We view the facts in the light most favorable to upholding the juvenile court's order.  *See In re Andrew A.*, 203 Ariz. 585, 586, ¶ 5 (App. 2002) (citing *Maricopa Cty. Juv. Action No. JS-8490*, 179 Ariz. 102, 106 (1994)).

[2]      A manipulation key is "a key, device or instrument, other than a key that is designed to operate a specific lock, that can be variably positioned and manipulated in a vehicle keyway to operate a lock or cylinder, including a wiggle key, jiggle key or rocker key."  Ariz. Rev. Stat. (A.R.S.) § 13-1501(8).

pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), Fernando claimed ownership of several personal items found in the vehicle.

¶4          The juvenile court also considered reports from the juvenile probation officer and two psychologists.  These reports, coupled with the court's case file, detailed Fernando's history, beginning at age fourteen, of involvement in gang activity, devolution into more serious offenses, and general non-compliance with court orders and services arising out of thirteen separate referrals for criminal activity.  The reports indicated Fernando had an extremely high risk of offending and posed a threat to the community.  Additionally, the victim supported the transfer, explaining the vehicle was her sole means of transportation and its loss significantly affected her ability to maintain employment and take care of her family.

¶5          At the conclusion of the hearing, the juvenile court determined probable cause existed to believe Fernando committed all six of the alleged offenses.  The court also made specific findings that:

> [T]he juvenile has been charged with five counts of alleged felony crimes[;] . . . the juvenile was placed on several levels of supervised probation and continued to engage in criminal acts[;] . . . the juvenile was provided the benefit of out of home placement and treatment services[;] . . . the victim was greatly impacted and . . . the juvenile caused a great hardship to the victim as a result of his actions[;] . . . the juvenile is not suffering any type of psychological issue that would limit his ability to make rational choices[; and] . . . the juvenile has had ample opportunity to participate in services offered to him from the juvenile court . . . which he did not benefit from.

Based upon these findings, the court granted the State's request to transfer Fernando for criminal prosecution as an adult.  Fernando timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-120.21(A)(1)[3] and Arizona Rule of Procedure for the Juvenile Court 103(A).  *See also DL88-00037*, 164 Ariz. at 419 (reviewing a transfer order for fundamental error) (citations omitted).

---

[3]     Absent material changes from the relevant date, we cite the current version of rules and statutes.

**DISCUSSION**

¶6        Pursuant to Arizona Rule of Procedure for the Juvenile Court 34(A):

> If, in the opinion of the prosecutor, the juvenile is not a proper person over whom the juvenile court should retain jurisdiction, the prosecutor may file a motion with the clerk of the court requesting that the juvenile court waive jurisdiction and order the transfer of the juvenile to the appropriate court for criminal prosecution.

Transfer is appropriate if, after an investigation and hearing, the court finds: (1) probable cause exists to believe an offense was committed and the juvenile committed the alleged offense; and (2) public safety would best be served by the transfer of the juvenile for prosecution as an adult after considering "those factors as provided by law." Ariz. R.P. Juv. Ct. 34(E), (F). These factors include:

1.    The seriousness of the offense involved.

2.    The record and previous history of the juvenile, including previous contacts with the courts and law enforcement, previous periods of any court ordered probation and the results of that probation.

3.    Any previous commitments of the juvenile to juvenile residential placements and secure institutions.

4.    If the juvenile was previously committed to the department of juvenile corrections for a felony offense.

5.    If the juvenile committed another felony offense while the juvenile was a ward of the department of juvenile corrections.

6.    If the juvenile committed the alleged offense while participating in, assisting, promoting or furthering the interests of a criminal street gang, a criminal syndicate or a racketeering enterprise.

7.    The views of the victim of the offense.

8.     If the degree of the juvenile's participation in the offense was relatively minor but not so minor as to constitute a defense to prosecution.

9.     The juvenile's mental and emotional condition.

10.     The likelihood of the juvenile's reasonable rehabilitation through the use of services and facilities that are currently available to the juvenile court.

A.R.S. § 8-327(D).

**¶7**     The record contains sufficient evidence that "would lead a man of ordinary caution to conscientiously entertain a strong suspicion" that Fernando committed the charged offenses. *Maricopa Cty. Juv. Action No. J-98065*, 141 Ariz. 404, 406 (App. 1984) (citing *In re Anonymous*, 14 Ariz. App. 466, 471-72 (1971)). The record further reflects the juvenile court received the appropriate reports and relevant evidence and carefully considered each of the required factors, ultimately determining they counseled in favor of transfer. We find no abuse of discretion. *See In re Mario L.*, 190 Ariz. 381, 383 (App. 1997) (noting the juvenile court has discretion regarding the disposition of a delinquent juvenile, including the court's decision to waive its jurisdiction and remand a child to the adult court for prosecution) (citing *Maricopa Cty. Juv. Action No. JV-110720*, 156 Ariz. 430, 431 (App. 1988), and then *State v. Jiminez*, 109 Ariz. 305, 306 (1973)).

**¶8**     Additionally, as far as the record reveals, Fernando was present for the transfer proceedings, which were conducted in compliance with Fernando's constitutional and statutory rights as well as the Arizona Rules of Procedure for the Juvenile Court. In sum, our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300; *DL88-00037*, 164 Ariz. at 420.

## CONCLUSION

**¶9** The juvenile court's order is affirmed. Fernando's counsel's obligations in this appeal are at an end. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Counsel need do no more than inform Fernando of the status of the appeal and his future options unless counsel finds an issue appropriate for submission to our supreme court by petition for review. *See id.* Fernando has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R.P. Juv. Ct. 107(A).



AMY M. WOOD • Clerk of the Court
FILED: AA

6