NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL ANTHONY GARCIA, *Appellant.*

No. 1 CA-CR 18-0386
FILED 6-25-2019

Appeal from the Superior Court in Maricopa County
No. CR2015-125585-001
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

The Poster Law Firm, P.L.L.C., Glendale
By Rick D. Poster
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Acting Presiding Judge Paul J. McMurdie and Vice Chief Judge Peter B. Swann joined.

_____

**J O N E S**, Judge:

¶1            Michael Garcia appeals from his convictions and sentences for one count each of trafficking in stolen property and theft. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            In October 2014, Garcia began living with the victim.[1] At the time, the victim owned a personal computer she had purchased for $2,182.18. The same day Garcia moved out of the victim's home, May 9, 2015, the victim discovered the computer was gone.

¶3            On May 20, 2015, Garcia took the computer to a pawn shop. In exchange for the computer and accessories, Garcia received a three-month "loan" of $400. According to the terms of the agreement, if Garcia did not repay the $400, plus a $96.50 finance charge, in ninety days, the pawn shop could sell the items.

¶4            In June 2015, after being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), Garcia admitted he had pawned the computer, which he did not own. At the time of the offense, Garcia was on felony probation for an unrelated crime he committed in 2011.

¶5            The jury convicted Garcia of trafficking in stolen property and theft of property valued at least $1,000 but less than $2,000. At the sentencing hearing, the trial court revoked Garcia's probation, sentenced him to a mitigated term of 1.5 years' imprisonment for the 2011 offense, and

_____

[1]            "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

credited him with 291 days of presentence incarceration. *See* Ariz. Rev. Stat. (A.R.S.) § 13-708(E)[2] (stating that imposition of a sentence for an offense committed while the defendant is on probation "shall revoke the convicted person's release"). The court then sentenced Garcia to the presumptive terms of 11.25 years' imprisonment for trafficking in stolen property and 3.75 years' imprisonment for theft, with these sentences to be served concurrent to each other but consecutive to the sentence imposed on the 2011 offense. Garcia timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I.     Sufficiency of the Evidence

**¶6**          Garcia argues the State failed to prove he intended to permanently deprive the victim of the computer and therefore there is insufficient evidence to support his convictions. When evaluating the sufficiency of the evidence to support a conviction, we determine *de novo* "whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Montaño*, 204 Ariz. 413, 423, ¶ 43 (2003) (quoting *State v. Tison*, 129 Ariz. 546, 552 (1981)).

**¶7**          A person commits theft when "without lawful authority, the person knowingly . . . [c]ontrols property of another with the intent to deprive the other person of such property." A.R.S. § 13-1802(A)(1). "Deprive" is defined by statute, in relevant part, as "to withhold [property] . . . with the intent to restore it only on payment of any reward or other compensation or to transfer or dispose of it so that it is unlikely to be recovered." A.R.S. § 13-1801(A)(4). Moreover, Arizona courts have held that "[t]he wrongful taking of another's property without an apparent purpose to return it and without [satisfactory] explanation evidences an intent to permanently deprive." *State v. Ramirez*, 115 Ariz. 70, 75 (App. 1977) (citation omitted); *see also State v. Jackson*, 101 Ariz. 399, 402 (1966) ("The trial judge, in the absence of a satisfactory explanation, not only could have disregarded appellant's testimony, but also could have inferred from its unsatisfactory nature, that there was no apparent intent to return the automobile.") (collecting cases).

**¶8**          Substantial evidence supports the verdict here. Although Garcia argues the prosecution was not "ripe" because the ninety-day loan

---

[2]          Absent material changes from the relevant date, we cite a statute's current version.

period during which the property could be redeemed had yet to pass, the crime of theft "does not require permanent deprivation." *Maricopa Cty. Juv. Action No. J-98065*, 141 Ariz. 404, 406 (App. 1984); *see also* A.R.S. § 13-1801(A)(4) (defining "deprive"). The record reflects Garcia knew the computer belonged to someone else when he "loaned" it to the pawn shop and that it would not be returned unless and until $496.50 was paid before the ninety days expired. From these circumstances, a reasonable juror could find Garcia had "no apparent purpose to return" the computer to the victim or, alternatively, disposed of it such that it was unlikely to be recovered. Accordingly, sufficient evidence supports the jury's determination that Garcia intended to deprive the victim of the computer, and we find no error in his convictions.

## II. Presentence Incarceration Credit

**¶9** Garcia argues the trial court violated his right to due process when it erroneously applied his presentence incarceration credit. Whether a defendant is entitled to presentence incarceration credit presents a question of law subject to *de novo* review. *State v. Lambright*, 243 Ariz. 244, 249, ¶ 9 (App. 2017) (citing *State v. Bomar*, 199 Ariz. 472, 475, ¶ 5 (App. 2001)).

**¶10** Generally, "[a] sentence of imprisonment commences when sentence is imposed." A.R.S. § 13-712(A). However, a person is entitled to credit against a term of imprisonment for "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense." A.R.S. § 13-712(B). The credit for Arizona jail time applies to the defendant's total sentence. *State v. McClure*, 189 Ariz. 55, 57 (App. 1997) (citing *United States v. VonWillie*, 59 F.3d 922, 930 (1995)). Thus, "[w]hen consecutive sentences are imposed, a defendant is not entitled to presentence incarceration credit on more than one of those sentences, even if the defendant was in custody pursuant to *all* of the underlying charges prior to trial." *Id.* (citing *State v. Cuen*, 158 Ariz. 86, 88 (App. 1988), and *State v. Jackson*, 170 Ariz. 89, 94 (App. 1991)).

**¶11** Garcia complains that he did not receive presentence incarceration credit for 101 days he spent in custody between October 12 and November 29, 2016 and April 11 and June 1, 2018. The record reflects, however, that the trial court included these days within the 291 days of presentence incarceration credit Garcia received against his sentence for the 2011 offense. He is not entitled to credit for those same days against his consecutive sentences for the trafficking and theft offenses, and we find no error.

## CONCLUSION

¶12     Garcia's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:      JT