NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE DELINQUENCY OF S.M.

No. 1 CA-JV 23-0185
FILED 4-23-2024

Appeal from the Superior Court in Navajo County
No. S0900JV202300129
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Bradley W. Carlyon
*Counsel for Appellee*

Whitmer Law PLLC, Prescott
By Henry Edward Whitmer
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Maria Elena Cruz and Judge Cynthia J. Bailey joined.

---

**M c M U R D I E**, Judge:

¶1 Steven[1] appeals from the juvenile court's order adjudicating him delinquent and imposing a nine-month probation term. Steven's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). *See also In re Maricopa County Juv. Action No. JV-117258*, 163 Ariz. 484, 486 (App. 1989) (A juvenile adjudicated delinquent has the right to an *Anders* appeal when appellate counsel cannot find any arguable issue to raise on appeal.). After diligently searching the record, counsel states that he found no non-frivolous error and asks this court to search the record for fundamental error. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Counsel also requested that we allow Steven to file a supplemental brief. But a juvenile has no right to file a supplemental brief in an *Anders* appeal. *In re Cochise County Juv. Action No. DL88-00037*, 164 Ariz. 417, 419 (App. 1990). After reviewing the record, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 In April 2023, Steven visited the Show Low Park with two friends. Steven and his friends removed a stall partition and a soap dispenser from the park's bathroom and threw rocks at the bathroom's front doors. A trail camera recorded him. The Navajo County Attorney's Office filed a delinquency petition alleging criminal damage.

¶3 Steven submitted a Memorandum of Agreement in which he admitted to criminal nuisance violating A.R.S. § 13-2908. After an advisory and disposition hearing, the juvenile court placed Steven on standard probation for nine months starting August 17. The court ordered Steven to pay the City of Show Low about $10,572 in restitution, jointly and severally with his co-defendants, at $400 monthly. Steven was also to complete 40 hours of community service.

---

[1]     We use a pseudonym to protect the minor's identity.

**¶4** Steven appealed the delinquency finding, and we have jurisdiction under A.R.S. §§ 8-235(A), 12-120.21(A)(1), and 12-2101(A)(1).

**DISCUSSION**

**¶5** We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶6** Steven was present and represented by counsel at all stages of the proceedings against him. *See* Ariz. R.P. Juv. Ct. 208(a), 206(b). The record supports the juvenile court's findings that Steven's admission was knowing, voluntary, intelligent, and made with an adequate factual basis. *See* Ariz. R.P. Juv. Ct. 220(c)(1). Steven admitted that he damaged the Show Low Park bathroom. And the juvenile court found the evidence supported the admission. We find no error in the juvenile court's disposition. *See In re John G.*, 191 Ariz. 205, 207, ¶ 8 (App. 1998) ("We will not disturb a juvenile court's disposition order absent an abuse of discretion.").

**¶7** A juvenile court may "award a delinquent juvenile . . . [t]o a probation department, subject to any conditions the court may impose." *See* A.R.S. § 8-341(A)(1)(b). The court explained that although typically, the probation would be for a "short period of time," it placed Steven on a nine-month probation to ensure sufficient time to pay his restitution. The juvenile court was within its discretion to order Steven's nine-month standard probation term. The record reflects that the juvenile court afforded Steven all his constitutional and statutory rights, conducting the proceedings following the Rules of Procedure for the Juvenile Court. The court held appropriate pretrial hearings, and the evidence summarized above was sufficient to support the court's decision.

**CONCLUSION**

**¶8**        We affirm the juvenile court's delinquency adjudication and disposition. After the filing of this decision, defense counsel's obligations pertaining to Steven's representation in this appeal will end after informing Steven of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984); Ariz. R.P. Juv. Ct. 107(A); *see also* Ariz. R.P. Juv. Ct. 107(J).



AMY M. WOOD • Clerk of the Court
FILED:    AA