747 P.2d 607

**The STATE of Arizona, Appellee,**

**v.**

**John Wesley LEVITT, Appellant.**

**No. 2 CA–CR 87–0072.**

Court of Appeals of Arizona,
Division 2, Department A.

Oct. 6, 1987.

Review Denied Jan. 19, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Tim Holtzen, Phoenix, for appellee.

Perry L. Hicks, Cochise Co. Public Defender by Wallace R. Hoggatt, Bisbee, for appellant.

## OPINION

HATHAWAY, Judge.

Following the juvenile court's order waiving jurisdiction and transferring appellant to superior court for prosecution as an adult, he was indicted on three counts of nonresidential burglary, and one count each of criminal damage, theft and carrying a concealed weapon. Pursuant to a plea agreement, appellant pled guilty to one of the burglary charges in return for the dismissal of all other charges. He was sentenced to the presumptive term of four years' imprisonment.

This appeal was taken solely from the sentence imposed by the trial court. Appellant contends that the trial court erred in considering his juvenile record and that the presumptive term is excessive in this case.

Appellant's first argument is based on his contentions as to the proper effect to be given to the 1983 amendments of Title 8 of the Arizona Revised Statutes pertaining to adjudication orders and release of juvenile court information. Prior to the 1983 amendments, A.R.S. § 8–207(C) provided:

The disposition of a child in the juvenile court may not be used against the child in any case or proceeding in any court other than a juvenile court, whether before or after reaching majority, *except in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and re-*

*port* and except as provided by section 28–444.

(Emphasis added.) The reference to § 28–444 pertains to the reporting of traffic violations for purposes of license suspension and revocation by the Department of Transportation. In 1983, the underscored portion of the statute was deleted. Laws 1983, Ch. 76, § 1. At the same time, the legislature added a new section, 8–208, which provides:

A. The juvenile court shall release to an adult probation department all information in its possession concerning a person convicted in superior court with a criminal offense on the request of an adult probation officer for the purpose of conducting a presentence investigation and report.

B. The juvenile court shall release to any state or local prosecutor or law enforcement officer or a person's attorney, upon the request of such person, the records of juvenile arrests, referrals or complaints in its possession and the dispositions made of these juvenile arrests, referrals and complaints concerning a person charged in superior court with a criminal offense.

C. The juvenile court shall release all information in its possession of a person arrested for a criminal offense to superior court agencies, departments, other superior court divisions or magistrates upon the request of a magistrate for the purpose of assisting in the determination of release from custody and bond.

Laws 1983, Ch. 76, § 2. Appellant argues that, notwithstanding the simultaneous enactment of § 8–208, the repeal of the emphasized portion of § 8–207(C) effectively precluded a sentencing judge from considering a defendant's juvenile record in determining the appropriate sentence. We disagree.

We believe the clear intent of the legislature in enacting Chapter 76 was to combine into a separate section the circumstances in which juvenile records might be released to other agencies or individuals and for what purposes, rather than including them as exceptions to § 8–207(C). Further, the

amendment by implication clarifies the prohibition against subsequent "use" of the juvenile court disposition to prescribe treatment as a prior conviction. Thus, while traffic violations by a juvenile may be "used" to determine whether or not to suspend or revoke his license, they may not otherwise be "used" in other proceedings.

 To adopt the construction urged by appellant would render meaningless the provisions of § 8–208(A). The only reason for releasing juvenile records to the probation department is so that this information may be included in the presentence report and, in turn, be considered by the trial court in determining the appropriate sentence. While prior adjudications may not be "used" to enhance a sentence pursuant to A.R.S. § 13–604, they are appropriately considered in determining whether to place a defendant on probation and whether to impose other than a presumptive sentence. The trial court did not err in considering appellant's juvenile record.

 Appellant also contends that the presumptive sentence is excessive in this case and urges us to modify his sentence pursuant to A.R.S. § 13–4037. While this court does possess the power to modify a sentence, we will do so only in extraordinary circumstances, which are not present here. Unlike *State v. Fierro*, 101 Ariz. 118, 416 P.2d 551 (1966), relied upon by appellant, this case presents no basis for finding an abuse of discretion. The sentence imposed is considerably shorter, while appellant's involvement in the offenses is much greater than in *Fierro*. While the juvenile record may have been more extensive in *Fierro*, the nature of the contacts with juvenile authorities was unclear from the record. In contrast, appellant's record of prior thefts and burglary, together with his persistent refusal to participate in treatment and numerous escapes from confinement, are clearly presented. The trial court correctly concluded that appellant was not a good candidate for probation and that a presumptive term of imprisonment was appropriate.

We have reviewed the entire record for fundamental error and have found none.

The judgment of conviction and sentence are therefore affirmed.

LACAGNINA, C.J., and HOWARD, P.J., concur.