NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

IN RE TIANNA S.

No. 1 CA-JV 14-0091
FILED 07-29-2014

---

Appeal from the Superior Court in Maricopa County
No. JV556800
The Honorable James P. Beene, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Mesa
By Devra N. Ellexson
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which
Presiding Judge Lawrence F. Winthrop and Judge Maurice Portley joined.

---

**G O U L D**, Judge:

¶1        Tianna S. appeals from the juvenile court's April 2014 order committing her to the Arizona Department of Juvenile Corrections ("ADOJC") for a minimum term of 30 days, and a maximum term of commitment until her eighteenth birthday. Counsel has filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *In re Maricopa County Juvenile Action Number JV–117258*, 163 Ariz. 484, 486–87, 788 P.2d 1235, 1237–38 (App. 1989), avowing she has searched the record and found no ground for appeal. She asks this court to review the record for fundamental error.

¶2        Viewed in the light most favorable to upholding the juvenile court's orders, *see In re John M.*, 201 Ariz. 424, ¶ 7, 36 P.3d 772, 774 (App. 2001), the evidence shows that on March 4-7, 2014 Tianna violated her probation. Tianna was adjudicated multiple times for a series of charges of shoplifting, credit card theft, and possession of marijuana. She was originally placed on probation in July 2012 and was continued on probation in November 2012, March 2013, and July 2013. Tianna was on probation when she skipped school on March 4-7, 2014, and was charged with violating her probation. At the warrant hearing on March 26, 2014, she admitted to the probation violation. Before accepting her plea, the juvenile court conducted a colloquy and informed Tianna of the possible consequences of the plea. The court informed Tianna she could be placed on probation, placed in juvenile detention, or committed to the ADOJC until she turned eighteen. At the conclusion of the hearing, the court adjudicated Tianna as having violated her probation by skipping school.

¶3        At the disposition hearing the juvenile court considered the probation department's report, the recommendation of the probation officer, Tianna's mother's comments, and Tianna's comments. The juvenile court found Tianna habitually failed to comply with probation, she had a marijuana addiction problem, and she did not cooperate with treatment. The juvenile court concluded commitment to the ADOJC was the most appropriate consequence for Tianna after considering the less restrictive alternatives, the best interests of the juvenile, and the need to provide appropriate rehabilitation and protect the safety of the community. The court committed Tianna to the ADOJC for a minimum of 30 days, and a maximum term up to her eighteenth birthday.

¶4        Substantial evidence supported the juvenile court's finding that the State had proven the probation violation, as well as the court's disposition. In addition, the juvenile court's disposition, as reflected in its signed minute entry order, is authorized by statute. *See* Arizona Revised Statute ("A.R.S.") § 8–341(A)(1)(e). Pursuant to our obligation under

*Anders*, we have reviewed the record in its entirety. We have found no fundamental, prejudicial error requiring reversal and no arguable issue warranting further appellate review. *See Anders*, 386 U.S. at 744. Accordingly, the court's probation violation disposition order is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh