NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

IN RE REID B.

No. 1 CA-JV 14-0322
FILED 4-7-2015

---

Appeal from the Superior Court in Navajo County
No.  S0900JV201400157, S0900JV201400225
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

---

COUNSEL

Emery K. La Barge, Attorney at Law, Snowflake
By Emery K. La Barge
*Counsel for Appellant*

Navajo County Attorney's Office, Holbrook
By Galen Wilkes
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which
Presiding Judge John C. Gemmill and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

**¶1** This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *Maricopa County Juvenile Action No. JV-117258*, 163 Ariz. 484, 486-87, 788 P.2d 1235, 1237-38 (App. 1989). Counsel for Reid B. (the juvenile) filed a brief advising that, after searching the entire record, he has not found any arguable issues to present on appeal, and asks this Court to review the record for fundamental error. Finding none, we affirm the juvenile's adjudications and dispositions.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2** In March 2014, the juvenile and a friend entered and vandalized an unoccupied, bank-owned home. With respect to this incident, a delinquency petition was filed against the juvenile charging him with criminal damage in an amount exceeding $10,000, and burglary in the second degree. In April 2014, the juvenile and two friends spray painted several walls, doors, and windows at a local junior high school. A delinquency petition was also filed against the juvenile for his role in this incident that charged him with aggravated criminal damage and criminal damage in an amount exceeding $2,000 but less than $10,000.

**¶3** The juvenile court held two contested adjudication hearings on the same day in September 2014. As to the incident involving the home, the juvenile was adjudicated delinquent on burglary in the second degree and a lesser included offense of criminal damage. As to the incident involving the school, the juvenile was adjudicated delinquent on the aggravated criminal damage charge, but found not responsible for criminal damage. The court placed the juvenile on standard probation for a period of twelve months, and ordered him to pay restitution in the amount of $12,203.37 for damage done to the home, and $288.43 for damage done to the school.[2]

**¶4** We have searched the entire record for reversible error and find none. *See State v. Leon*, 104 Ariz. 297, 300, 451 P.2d 878, 881 (1969); *JV-*

---

[1] We view the facts and all reasonable inferences therefrom in the light most favorable to upholding the juvenile court's order adjudicating a minor delinquent. *See In re Natalie Z.*, 214 Ariz. 452, 454, ¶ 2, 153 P.3d 1081, 1083 (App. 2007).

[2] The juvenile and the other participants are jointly and severally liable for these restitution amounts.

*117258*, 163 Ariz. at 488, 788 P.2d at 1239. So far as the record reveals, the juvenile was present at all critical stages of the proceedings, including the contested adjudication, disposition, and restitution hearings, and was represented by counsel. The juvenile was also provided an opportunity to speak at his disposition hearing. The juvenile court proceedings were conducted in full compliance with the juvenile's constitutional and statutory rights, and the Arizona Rules of Procedure for the Juvenile Court. Sufficient evidence supported the adjudications, and the dispositions were within the juvenile court's authority under Arizona Revised Statutes sections 8-341 (2015) and -344 (2015).

**CONCLUSION**

¶5　　　　We affirm the juvenile's adjudications and dispositions.

¶6　　　　Pursuant to *State v. Shattuck,* 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), counsel's obligations in this appeal are at an end. Counsel need do no more than inform the juvenile of the status of the appeal and the juvenile's future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See* Ariz. R.P. Juv. Ct. 107(A), (J).



Ruth A. Willingham · **Clerk of the Court**
F I L E D : ama