NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE SUNNY L.

No. 1 CA-JV 15-0299
FILED 1-28-2016

Appeal from the Superior Court in Maricopa County
No. JV598883
The Honorable Steven P. Lynch, Commissioner

**AFFIRMED**

COUNSEL

The Law Offices of Kevin Breger, PLLC, Scottsdale
By Kevin Breger
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kenton D. Jones and Judge Samuel A. Thumma joined.

---

**S W A N N**, Judge:

¶1        Sunny L. ("Juvenile") appeals his adjudication of delinquency for theft, a class 3 felony.

¶2        Juvenile's appellate counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *Maricopa County Juvenile Action No. JV-117258*, 163 Ariz. 484 (App. 1989). Counsel informs us that he has searched the record and can find no arguable issues and asks us to search the record for fundamental error. Our review of the record reveals no fundamental error. We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶3        In April 2015, the state filed a petition charging Juvenile with theft, a class 3 felony, in violation of A.R.S. § 13-1802. Juvenile denied the charges, and the court set a delinquency hearing on the matter.

¶4        Juvenile's parents and the officers involved in the investigation testified to the following facts at the delinquency hearing. In March 2015, Juvenile's mother ("Mother") returned home and noticed that a five-foot-tall gun safe, weighing between three and four hundred pounds, was missing from her house. She first contacted Juvenile's father ("Father") as the safe belonged to him. Mother and Father had separated, but he had not removed all his belongings. She speculated that Father had possibly removed the safe. After Father confirmed that he had not removed it, Mother contacted the police. The safe contained firearms, jewelry, cash, and important documents; Mother and Father estimated the value of the safe and its contents between four and twenty-five thousand dollars.

¶5        A neighbor reported to the investigating officer that she had seen a silver truck near the house on the day of the theft with four males standing around it, and she had taken a picture of the truck and its license plate on another day. Officers located an address for the truck, and while officers conducted surveillance on a house associated with a friend of Juvenile, one of the officers spotted a large object shaped like the safe under

a tarp in the garage. Later, officers entered the house and garage and found a safe matching the description of the one taken from Mother's home. The safe's keypad and batteries had been removed, but it was still locked with all the items inside. Juvenile and a friend were hiding in a storage shed but came out as police approached.

¶6 During an interview with an officer, Juvenile admitted to removing the safe from Mother's house with his friends' help and attempting to open the safe without the combination. He stated that he believed he had stored his throwing knives in the safe, and wanted to retrieve them. He told the officer he intended to return the safe after he opened it.

¶7 At the hearing, the court adjudicated him delinquent for theft and ordered Juvenile released to his parents and placed on standard probation until Juvenile turned eighteen years of age, approximately one month after the hearing.[1]

¶8 Juvenile appeals.

## DISCUSSION

¶9 We have reviewed the record for fundamental error and find none. Juvenile was present and represented by counsel at all critical stages. The evidence presented at the hearing supported the court's adjudication. A person commits theft, under A.R.S. § 13-1802(A)(5), if he knowingly and without proper authority "[c]ontrols property of another knowing or having reason to know that the property was stolen." Theft is a class 3 felony if the value of the stolen property is "four thousand dollars or more but less than twenty-five thousand dollars." A.R.S. § 13-1802(G). The state presented evidence that Juvenile knew the safe belonged to Father; Juvenile removed the safe without permission and stored it at another person's house, and the property value was between eight and nine thousand dollars. The court imposed a legal disposition under A.R.S. § 8-341(A)(1)(b).

---

[1] Though the court administratively released Juvenile from probation after he turned eighteen, he did not successfully complete probation as he failed to comply with all the terms. This prevents him from petitioning to have the adjudication set aside or to have his juvenile record destroyed. *See* A.R.S. §§ 8-348(C)(3), -349(C)(5). Thus, his appeal is not moot. *See In re Themika M.*, 206 Ariz. 553, 555, ¶¶ 14-15 (App. 2003).

**CONCLUSION**

**¶10**        Appellate counsel's obligations have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Unless, upon review, counsel discovers an issue appropriate to petition for review to the Arizona Supreme Court, counsel must only inform Juvenile of the status of this appeal and his future options. *See* Ariz. R.P. Juv. Ct. 107(A). *See also* Ariz. R.P. Juv. Ct. 107(J).



Ruth A. Willingham · Clerk of the Court
F I L E D : ama