NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE BRADY D.

No. 1 CA-JV 16-0018
FILED 5-24-2016

Appeal from the Superior Court in Yuma County
No.  S1400JV20150332
The Honorable Mark W. Reeves, Judge

**AFFIRMED**

COUNSEL

Elizabeth M. Brown, Goodyear
*Counsel for Appellant*

Yuma County Attorney's Office, Yuma
By Nathaniel T. Sorenson
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Kent E. Cattani and Judge Randall M. Howe joined.

**T H U M M A**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *Maricopa County Juvenile Action No. JV-117258*, 163 Ariz. 484 (App. 1989). Counsel for appellant Brady D. has advised the court that, after searching the entire record, she has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Brady D. was given the opportunity to file a supplemental brief pro se, but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Brady D.'s adjudication and resulting disposition are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        In June 2015, a Petition was filed charging Brady D. with certain felony offenses for surreptitiously taking photographs of himself having sex with K.Q.[1] and then distributing the photographs to others. Brady D. later pled guilty to attempted voyeurism, a Class 6 designated felony, and the other charges were dismissed. After an appropriate colloquy, the superior court accepted the plea and adjudicated the juvenile delinquent. At a subsequent disposition, after hearing from the probation officer, the victim, the victim's mother and the juvenile, the court placed Brady D. on juvenile intensive probation until his eighteenth birthday, ordered counseling and imposed fees. At a subsequent restitution hearing, over Brady D.'s objection, the victim's mother testified about her conversations with the victim's doctor. Based on the evidence presented, the court ordered the juvenile and his parents to pay $3,390.32 in restitution, an amount that did not exceed a restitution cap of $4,000. From Brady D.'s timely appeal, this court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and -4033 (2016).[2]

## DISCUSSION

¶3        This court has reviewed and considered counsel's brief and has searched the entire record for reversible error. Searching the record and briefs reveals no reversible error. The record shows Brady D. was represented by counsel at all relevant stages of the proceedings. The record shows that Brady D. knowingly, voluntarily and intentionally entered into the plea agreement. From the record, all proceedings were conducted in

---

[1] Initials are used to protect the victim's privacy. *State v. Maldonado*, 206 Ariz. 339, 341 n.1 ¶ 2 (App. 2003).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

compliance with the Arizona Rules of Procedure for Juvenile Court. The disposition imposed was authorized by statute.

**¶4** Brady D.'s opening brief suggests that the court erred by granting restitution "on the basis of hearsay evidence" from the victim's mother recounting her conversations with the victim's doctor. Restitution is part of a disposition in juvenile court. *See In re Eric L.*, 189 Ariz. 482, 484 (App. 1997) ("The juvenile's disposition is therefore not final until restitution has been considered and ruled upon."). At a disposition, the court may consider reliable evidence that, in the court's discretion, includes hearsay. *Maricopa Cnty. Juv. Action No. JV-512016*, 186 Ariz. 414, 418 (App. 1996). There is no claim or showing that the superior court abused its discretion in considering this evidence. Accordingly, the court did not abuse its discretion in awarding restitution on this basis.

## CONCLUSION

**¶5** This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *See JV-117258*, 163 Ariz. at 488. Accordingly, Brady D.'s adjudication and disposition are affirmed.

**¶6** Upon filing of this decision, counsel is directed to inform Brady D. of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Brady D. shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

3