NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE ANGEL M.

No. 1 CA-JV 17-0542
FILED 2-1-2018

Appeal from the Superior Court in Maricopa County
No. JV600595
The Honorable Veronica W. Brame, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Preciado Law Firm, PLC, Phoenix
By Stephanie Preciado
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court,
in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

**W I N T H R O P**, Presiding Judge:

**¶1**        Angel M. ("Juvenile") appeals the juvenile court's order extending his supervised probation and imposing additional terms and conditions, including up to two weeks' detention in a juvenile detention facility, for violating the conditions of his probation. Juvenile's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); *State v. Leon*, 104 Ariz. 297 (1969); and *Maricopa County Juvenile Action No. JV-117258*, 163 Ariz. 484, 486-87 (App. 1989), stating that she has searched the record on appeal and found no arguable question of law that is not frivolous. Counsel requests that we search the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error).

**¶2**        We have appellate jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 8-235(A) (2014)[1] and Rule 103(A) of the Arizona Rules of Procedure for the Juvenile Court. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY[2]

**¶3**        On August 24, 2017, the State, through the Maricopa County Attorney's Office, filed a delinquency petition charging Juvenile with two counts of burglary in the third degree, each a class four felony. *See* A.R.S. § 13-1506 (2010). Pursuant to a written plea agreement, Juvenile admitted amended Count 1, solicitation to commit burglary in the third degree, a class six undesignated felony, and the juvenile court adjudicated Juvenile delinquent and placed him on twelve months' supervised probation.[3] The court also dismissed Count 2.

---

[1]        We cite the current version of all relevant statutes because no revisions material to this decision have occurred since the relevant date(s).

[2]        We review the facts in the light most favorable to sustaining the juvenile court's orders and resolve all reasonable inferences against Juvenile. *See In re John M.*, 201 Ariz. 424, 426, ¶ 7 (App. 2001); *State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

[3]        As part of the terms of his plea agreement, Juvenile agreed that he "may be placed on probation with any rules the court thinks are necessary," and that "[p]robation could include time in detention for up to one year."

¶4            On November 3, 2017, the State filed a new petition, alleging Juvenile had violated conditions 7 and 11 of his probation by failing to submit to weekly drug testing as directed by his juvenile probation officer (Count 1) and failing to go to school (Count 2).

¶5            On November 17, 2017, Juvenile attended an advisory and disposition hearing, at which he indicated he wished to admit violating condition 11 of the terms and conditions of his probation, by failing to attend school.

¶6            Before accepting Juvenile's admission, the juvenile court confirmed that Juvenile could speak, read, and understand English, and had not consumed any drugs, alcohol, or medications in the previous twenty-four hours.  The court advised Juvenile of his constitutional rights, and Juvenile confirmed that he understood his rights and was giving them up by admitting Count 2 of the petition.  The court also advised Juvenile of the available dispositional alternatives, including that Juvenile could be continued on probation, placed in detention, ordered to perform community service, ordered to pay a fine, and/or sent to the Arizona Department of Juvenile Corrections, and inquired several times if Juvenile understood the possible consequences of admitting the charge.  Each time, Juvenile confirmed he understood the consequences he faced and wanted to move forward with the plea.  Juvenile also confirmed that the contemplated admission was not the result of force, threats, or promises not otherwise expressed, and that he was admitting the violation of his own free will.

¶7            Juvenile's counsel provided a factual basis for the plea by stating Juvenile had violated a condition of his probation by not attending school.  Juvenile confirmed the factual basis provided, admitting he had violated condition 11 of his probation.  After finding Juvenile's admission was knowing, intelligent, voluntary, and supported by a factual basis, the court accepted the admission and adjudicated Juvenile in violation of his probation.  The court then dismissed Count 1 of the petition.

¶8            After both sides agreed, the court proceeded to disposition, and heard from Juvenile's probation officer, the State, Juvenile's counsel, and Juvenile's mother. The probation officer advised the court that Juvenile had admitted using marijuana within the previous two days despite the pending violation, and Juvenile's mother confirmed Juvenile had a substance abuse problem with marijuana.

**¶9** The court extended Juvenile's probation, and ordered that he participate in services, including counseling and substance abuse services. As additional special conditions, the court increased Juvenile's deferred detention from 90 to 120 days, increased Juvenile's potential electronic monitoring from 12 to 16 weeks, and ordered that Juvenile be detained in a juvenile detention facility for one week—from November 17 to November 24, 2017. The court also ordered that Juvenile self-surrender and be detained an additional week in the juvenile detention facility—from December 22 through 29, 2017—unless Juvenile's probation officer could confirm he was at that time in compliance with the terms and conditions of his probation. After a request from Juvenile's counsel, the court agreed to suspend the periods of detention pending Juvenile's appeal or any further violations of probation during the pending appeal.[4] Juvenile filed a timely notice of appeal.

## ANALYSIS

**¶10** We have searched the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *JV-117258*, 163 Ariz. at 487. As the juvenile court found, Juvenile's admission was knowingly, voluntarily, and intelligently made, and supported by a factual basis. Juvenile was present and represented by counsel throughout the proceedings, and those proceedings were conducted in compliance with Juvenile's constitutional and statutory rights and the Arizona Rules of Procedure for the Juvenile Court. The disposition was within the juvenile court's authority under A.R.S. § 8-341(A)(1) (Supp. 2017) and Rule 30.

**¶11** After filing of this decision, counsel's obligations pertaining to Juvenile's representation in this appeal have ended. Counsel need do no more than inform Juvenile of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Juvenile has thirty days from the date of this decision to proceed, if he desires, with a *pro per* petition for review. *See* Ariz. R.P. Juv. Ct. 107(A).

---

4 Both the juvenile court's detention order and November 17, 2017 minute entry contain errors involving the ordered detention release dates. The record makes clear, however, that the court ordered each of the two periods of detention to be one week in length. Further, because the court ultimately suspended the ordered detention pending this appeal or further probation violations, we do not correct the dates in either the detention order or the court's minute entry.

**CONCLUSION**

¶12 We affirm the juvenile court's order extending Juvenile's supervised probation and imposing additional terms and conditions, including detention, for violating the terms of his probation.



AMY M. WOOD • Clerk of the Court
FILED:  AA