NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE KYLAN K.

No. 1 CA-JV 18-0410
FILED 1-22-2019

Appeal from the Superior Court in Maricopa County
No. JV601382
The Honorable David B. Gass, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Joe Munley
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Lawrence F. Winthrop joined.

**T H O M P S O N**, Judge:

**¶1**      This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *Maricopa County Juv. Action No. JV-117258*, 163 Ariz. 484 (App. 1989). Counsel for Kylan K. (juvenile) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting this court conduct an *Anders* review of the record. However, juvenile has requested this court determine whether the superior court abused its discretion when it denied his placement preference.

**¶2**      In 2017 the juvenile court placed juvenile on probation after he admitted to a misdemeanor. Juvenile violated the terms of his probation when he ran away from home. Juvenile admitted to the violation of probation charge and the court continued juvenile on probation. At the hearing, juvenile's probation officer, as well as the Department of Child Safety (DCS) recommended the court release juvenile to the physical custody of DCS, and that he be placed at Canyon State Academy. Juvenile requested that he be placed with his former adoptive mother who had signed a consent to terminate parental rights in 2017. The court denied juvenile's request to be placed with his former adoptive mother and released him to the care of DCS with placement at Canyon State Academy.

**¶3**      The juvenile court has broad discretion to determine the appropriate disposition of a delinquent juvenile and its disposition determination will not be reversed absent an abuse of discretion. *In re Themika M.*, 206 Ariz. 553, 554 ¶ 5 (App. 2003) (citations omitted). When making a disposition, the juvenile court may award the delinquent juvenile "[t]o a probation department, subject to any conditions the court may impose." Arizona Revised Statutes (A.R.S.) section 8-341(A)(1)(b) (2019). Accordingly, juvenile's placement at Canyon State Academy was within the juvenile court's discretion.

**¶4**      We have searched the record for fundamental error and found none. Accordingly, we affirm. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984), juvenile's counsel's obligations in this appeal are at an end. Counsel need to no more than inform the juvenile of the status of the appeal and the juvenile's future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Juvenile has thirty days from the date of this decision to proceed, if desired, with a *pro per* petition for review. *See* Rule 107(a), Arizona Rules of Procedure for the Juvenile Court.

**¶5**          We affirm the juvenile court's imposition of probation and placement with DCS.



AMY M. WOOD • Clerk of the Court
FILED:  AA