NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE CASTULO C.

No. 1 CA-JV 18-0293
FILED 1-31-2019

Appeal from the Superior Court in Maricopa County
No. JV201517
The Honorable Eartha K. Washington, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Appellee*

Maricopa County Public Advocate, Mesa
By Aaron Jason Max
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

**M c M U R D I E**, Judge:

**¶1** Castulo C. appeals the superior court's order continuing him on probation following his admission of a probation violation. Castulo's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), *State v. Leon*, 104 Ariz. 297 (1969), and *Maricopa County Juvenile Action No. JV-117258*, 163 Ariz. 484 (App. 1989), certifying that after a diligent search of the record, he found no arguable question of law that was not frivolous. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** In April 2018, the superior court adjudicated Castulo delinquent after he admitted to one count of shoplifting, a Class 1 misdemeanor. The superior court placed Castulo on standard probation until his 18th birthday and ordered him to pay restitution. This court affirmed the superior court's disposition order. *In re Castulo C.*, 1 CA-JV 18-0158, 2018 WL 4500965, at *1, ¶ 1 (Ariz. App. Sept. 20, 2018) (mem. decision).

**¶3** Castulo was placed in the custody of the Department of Child Safety ("DCS"). In June 2018, a petition was filed alleging Castulo violated his probation by "going AWOL from placement during a home visit." Castulo admitted to one count of violating probation and the superior court ordered him to continue on probation. The court also affirmed the previous restitution order and an order imposing 24 hours of community service. The written terms of Castulo's probation also included: (1) participation in JCORP; (2) participation in all services provided to Castulo by DCS; (3) electronic monitoring for at least four weeks; and (4) attendance at adult court for one half day and submission of a two-page essay on the experience. Orally on the record at the adjudication and disposition hearing, the court ordered Castulo to participate in eight weeks of juvenile intensive probation supervision ("JIPS") with four weeks deferred. Castulo timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 8-235(A) and Arizona Rule of Procedure for the Juvenile Court 103(A).

**DISCUSSION**

¶4      We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

¶5      The record reflects the superior court afforded Castulo all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Procedure for the Juvenile Court. Castulo was present and represented by counsel at all stages of the proceedings against him. The record supports the superior court's findings that Castulo's admission to the probation violation was knowingly, voluntarily, and intelligently made and supported by a factual basis.

¶6      Additionally, the superior court's disposition order was within its authority. The court has discretion to place a delinquent juvenile on probation. *See* A.R.S. § 8-341; Ariz. R.P. Juv. Ct. 30, 31. JIPS is "a program . . . of highly structured and closely supervised juvenile probation . . . which emphasizes surveillance, treatment, work, education and home detention." A.R.S. § 8-351. Under guidelines promulgated by our supreme court, imposition of JIPS is appropriate when the juvenile has been "adjudicated for delinquent acts or for violations of probation originating from a delinquent act." Ariz. Code of Jud. Admin. § 6-302(H)(3).

¶7      Although A.R.S. § 8-352(D) requires the superior court to specify on the record its reasons for imposing JIPS, we will affirm a disposition order "despite the absence of specific findings, when the record demonstrates that the trial court has considered the statutory factors." *In re J.G.*, 196 Ariz. 91, 94, ¶ 17 (App. 1999). Here, the superior court failed to specify its reasons for imposing JIPS, but the record shows the court did not abuse its discretion by imposing JIPS.

¶8      Castulo was previously adjudicated delinquent for the shoplifting offense, and in the present case the court found and adjudicated him to be in violation of probation. The superior court considered Castulo's probation officer's recommendation that JIPS be imposed and had before it the record of the "factual basis and circumstances leading to" the disposition. *See* Ariz. Code of Jud. Admin. § 6-302(H)(7); A.R.S. § 8-352(B), (C); *In re J.G.*, 196 Ariz. at 94, ¶ 16. The court also heard recommendations from Castulo's attorney in this matter, his *guardian ad litem*, his DCS case manager, and the State's attorney. Accordingly, the superior court properly considered the statutory factors and did not err by imposing JIPS.

**CONCLUSION**

**¶9** The superior court's disposition order is affirmed. After the filing of this decision, defense counsel's obligations pertaining to Castulo's representation in this appeal will end after informing Castulo of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984); Ariz. R.P. Juv. Ct. 107(A).



AMY M. WOOD • Clerk of the Court
FILED: AA