NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE AUGUSTINE M.

No. 1 CA-JV 19-0329
FILED 1-30-2020

Appeal from the Superior Court in Maricopa County
No. JV204299
The Honorable Eartha K. Washington, Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

The Law Offices of Kevin Breger, PLLC, Scottsdale
By Kevin Breger
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Allister R. Adel
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

**P E R K I N S**, Judge:

¶1　　　　Augustine M., a juvenile, timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), *State v. Leon*, 104 Ariz. 297 (1969), and *Maricopa Cty. Juv. Action No. JV-117258*, 163 Ariz. 484 (App. 1989), after pleading delinquent to one count of shoplifting, a class one misdemeanor.

¶2　　　　Augustine's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999); *JV-117258*, 163 Ariz. 484, 485-88 (App. 1989). Counsel asks this court to search the record for fundamental error. After reviewing the entire record, we affirm the court's finding of delinquency and resulting disposition.

**FACTUAL AND PROCEDURAL HISTORY**

¶3　　　　On January 28, 2019, Augustine and his co-juveniles shoplifted two cases of beer from the Love's Truck Stop in Gila Bend. Clerks at the Love's Truck Stop, and a co-participant, identified Augustine to police as one of the participants. Six months later, Augustine appeared in juvenile court at a pre-adjudication conference and change-of-plea hearing and pled guilty to one count of shoplifting. The court questioned Augustine about his plea and found he knowingly, voluntarily, and intelligently accepted the plea. Augustine avowed one prior juvenile felony adjudication in the plea agreement. The court found Augustine delinquent and detained him. After a detention review two weeks later, the court released Augustine to his parents pending disposition.

¶4　　　　The court held a disposition hearing two months after Augustine pled guilty. The court noted that Augustine's psychological evaluation included a recommendation that he should be placed in a group home or residential treatment center. The court further noted Augustine's prior criminal history, continued drug use, the ineffectiveness of prior

monitoring, and Augustine's parents' belief that sending him home would be ineffective towards rehabilitating him. The court accordingly ordered Augustine to Juvenile Intensive Probation, with release to a Residential Treatment Center upon space availability.

**¶5**      Augustine timely filed this appeal. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. sections 12-120.21(A)(1) and 8-235(A).

## DISCUSSION

**¶6**      Substantial evidence, described above, supported the juvenile court's adjudication. The proceedings below were conducted according to the Rules of Procedure for the Juvenile Court. Augustine was represented by an attorney and was present at all critical stages, including the pre-adjudication and disposition hearings.

**¶7**      The record shows that Augustine knowingly, voluntarily, and intelligently admitted the charge against him. The court imposed a disposition that was within its discretion. A.R.S. § 8-341; *see also In re Miguel R.*, 204 Ariz. 328, 332, ¶ 9 (App. 2003).

## CONCLUSION

**¶8**      We have reviewed the entire record for arguable issues of law and find none. *See JV-117258*, 163 Ariz. at 488. Accordingly, we affirm the delinquency finding and disposition.

**¶9**      Upon filing of this decision, counsel need do no more than inform Augustine of the status of his appeal and of his future options unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Augustine has 30 days from the date of this decision to proceed, if he desires, with an in propria persona petition for review. Ariz. R.P. Juv. Ct. 107(A).

