NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE PRISCILA O.

No. 1 CA-JV 20-0131
FILED 8-13-2020

Appeal from the Superior Court in Yuma County
No. S1400JV20190335
The Honorable Kathryn Stocking-Tate, Judge

**AFFIRMED**

COUNSEL

The Law Office of Penny L. Higginbottom, Yuma
By Penny Higginbottom
*Counsel for Appellant*

Yuma County Attorney's Office, Phoenix
By Chris A. Weede
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

---

**P E R K I N S**, Judge:

**¶1**         Priscila O., a juvenile, timely filed this appeal, in accordance with *Anders v. California*, 386 U.S. 738 (1967), *State v. Leon*, 104 Ariz. 297 (1969), and *Maricopa Cty. Juv. Action No. JV-117258*, 163 Ariz. 484 (App. 1989), from a disposition committing her to the Arizona Department of Juvenile Corrections ("ADJC").

**¶2**         Priscila's counsel has searched the record on appeal and found no arguable question of law, but raises one issue for review at Priscila's request. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999); *JV-117258*, 163 Ariz. at 485–88. After reviewing the entire record, we affirm the court's finding of delinquency and resulting disposition.

## FACTUAL AND PROCEDURAL HISTORY

**¶3**         On September 12, 2019, Priscila was adjudicated delinquent for possession of drug paraphernalia, a class six felony, and placed on intensive probation for one year. On February 7, 2020, Priscila's probation officer petitioned to revoke probation due to four counts of failure to submit a urinalysis test as directed by the UA Call-in system, in violation of condition 13 of Order of Uniform Conditions of Supervised Juvenile Probation. On February 12, 2020, the state charged Priscila with one count of criminal damage, a class 2 misdemeanor. The next day, the court dismissed count one of the February 7 petition with prejudice and Priscila knowingly, voluntarily, and intelligently admitted to having committed counts two through four. On March 26, 2020, the court held a hearing covering Priscila's continued disposition on the February 7 petition and her advisory adjudication on the February 12 criminal damage charge. Priscila waived her right to a trial and admitted to the criminal damage charge. The court adjudicated Priscila delinquent and committed her to ADJC for a minimum secure stay of 30 days.

**¶4** Priscila timely filed this appeal. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. sections 12-120.21(A)(1) and 8-235(A).

## DISCUSSION

**¶5** The record reflects Priscila knowingly, voluntarily, and intelligently admitted the charges against her. Her admission to probation violations supported the juvenile court's adjudication. The proceedings below were conducted according to the Rules of Procedure for the Juvenile Court. Priscila was represented by an attorney and was present at all critical stages, including the pre-adjudication and disposition hearings. The court imposed a disposition within its discretion. A.R.S. § 8-341; *see also In re Miguel R.*, 204 Ariz. 328, 312, ¶ 9 (App. 2003).

**¶6** Priscila argues the juvenile court abused its discretion by committing her to ADJC rather than a residential facility or another less restrictive program. But juvenile courts have broad discretion to choose the appropriate disposition for juvenile delinquents, including commitment to ADJC, and need not explore all less restrictive alternatives before doing so. *See In re Niky R.*, 203 Ariz. 387, 392, ¶ 21 (App. 2002). We find no abuse of discretion.

## CONCLUSION

**¶7** We have reviewed the entire record for arguable issues of law and find none. *See JV-117258*, 163 Ariz. at 488. Accordingly, we affirm the delinquency finding and disposition.

**¶8** Upon filing of this decision, counsel need do no more than inform Priscila of the status of her appeal and of her future options unless, upon, review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Priscila has 30 days from the date of this decision to proceed, if she desires, with an in propria persona petition for review. Ariz. R.P. Juv. Ct. 107(A).

AMY M. WOOD • Clerk of the Court
FILED: AA

3