NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE MIGUEL T.

No. 1 CA-JV 20-0167
FILED 8-13-2020

Appeal from the Superior Court in Maricopa County
No.  JV204218
The Honorable Joshua Yost, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate's Office, Phoenix
By Caitlin Engstrand
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

**T H U M M A**, Judge:

**¶1**      This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *Maricopa County Juvenile Action No. JV-117258*, 163 Ariz. 484 (App. 1989). Counsel for appellant Miguel T. has advised the court that, after searching the entire record, she has found no arguable question of law and asks this court to conduct an *Anders* review of the record. This court has reviewed the record and has found no reversible error. Accordingly, Miguel T.'s delinquency adjudication and disposition are affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**      Miguel T. was born in August 2003. By October 2018, he had been found delinquent of no more than three felonies and was committed to the Arizona Department of Juvenile Corrections (ADJC) in an unrelated delinquency. As applicable here, in April 2020, a new Petition alleged that in February 2020, while in ADJC custody, Miguel T. made, obtained or possessed contraband in the form of a shank or tattoo maker in violation of Arizona Revised Statutes (A.R.S.) § 13-2514(A)(3) (2020).[1] Although charged as a Class 6 felony, Miguel T. later pled delinquent to attempted promotion of secure facility contraband, a Class 1 misdemeanor. After a plea colloquy with Miguel T., the court accepted the plea and found him delinquent. Without objection, the court proceeded to disposition and re-committed Miguel T. to the ADJC for no less than 30 days. From Miguel T.'s timely appeal, this court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶3**      This court has reviewed and considered counsel's brief and has searched the entire record for reversible error. Searching the record and brief reveals no reversible error. The record shows Miguel T. was represented by counsel at all relevant stages of the proceedings. The record shows that Miguel T. knowingly, voluntarily and intentionally admitted the charge. From the record, all proceedings were conducted in compliance with the Arizona Rules of Procedure for Juvenile Court. The disposition imposed was authorized by statute.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**CONCLUSION**

**¶4** This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *See JV-117258*, 163 Ariz. at 488. Accordingly, Miguel T.'s adjudication and disposition are affirmed.

**¶5** Upon filing of this decision, counsel is directed to inform Miguel T. of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Miguel T. shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:     AA