NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

IN RE KENAI C.

No. 1 CA-JV 19-0100
FILED 8-20-2019

Appeal from the Superior Court in Maricopa County
No. JV602450
The Honorable Shellie F. Smith, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kent E. Cattani joined.

**J O H N S E N**, Judge

**¶1**        Kenai C. appeals her adjudication of delinquency for aggravated criminal damage over $10,000, a Class 4 felony, and the subsequent disposition.  This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Kenai's counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999); *In re JV-117258*, 163 Ariz. 484, 485-88 (App. 1989).  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm the adjudication and disposition.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        During orchestra class, Kenai and two other students went into a separate room to prepare a song.[1]  While in the room, one of the other students, E.C., picked up a bow and used it to poke the fire sprinkler in the ceiling.  Kenai checked her smart phone to see how to set off the fire sprinkler, then told E.C. to "hit the red thing in the middle" of the sprinkler.  Kenai then took the bow and "pok[ed]" at the sprinkler for a few minutes.  Finally,  E.C. took back the bow and hit the sprinkler, setting it off.  The resulting spray of water damaged that room and two classrooms.

**¶3**        The State charged Kenai with aggravated criminal damage over $10,000.  The superior court held a two-day adjudication hearing.  The court found Kenai delinquent, placed her on 12 months' probation and ordered her to perform community service and write an apology letter to the school.  Kenai timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") sections 8-235(A) (2019), 12-120.21(A)(1) (2019) and Arizona Rule of Procedure for the Juvenile Court 103(A).[2]

---

[1]        On appeal from an adjudication of delinquency, we view the evidence in the light most favorable to upholding the court's judgment and resolve all reasonable inferences against the juvenile. *In re Jessi W.*, 214 Ariz. 334, 336, ¶ 11 (App. 2007).

[2]        Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

## DISCUSSION

**¶4** Substantial evidence, described above, supported the juvenile court's order of adjudication. The proceedings were conducted in compliance with the Arizona Rules of Procedure for the Juvenile Court. Although the court did not hold a voluntariness hearing regarding Kenai's statements to police, Kenai did not object when an officer recounted her statements, and the circumstances do not suggest that her statements were involuntary. Kenai was not present at an initial advisory hearing, but the resulting minute entry stated that no business occurred, and the court reset the hearing. Kenai thereafter was present and represented by counsel at all stages of the proceedings. The disposition was within the court's discretion.

## CONCLUSION

**¶5** We have read and considered counsel's brief and searched the entire record for fundamental error. *See JV-117258*, 163 Ariz. at 488. We find none.

**¶6** After the filing of this decision, defense counsel's obligations pertaining to Kenai's representation in this appeal have ended. Defense counsel only need inform Kenai of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984); Ariz. R.P. Juv. Ct. 107(A).

