NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE RANDALL A.

No. 1 CA-JV 19-0318
FILED 01-07-2020

Appeal from the Superior Court in Yuma County
No. S1400JV20170156
The Honorable Stephen J. Rouff, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Elizabeth Brown Attorney at Law, Goodyear
By Elizabeth Brown
*Counsel for Appellant*

Yuma County Attorney's Office, Yuma
By Chris A. Weede
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

**W I N T H R O P**, Judge:

**¶1** Randall A. (the "Juvenile") appeals the juvenile court's order terminating probation and committing him to a juvenile detention facility for violating the conditions of his probation. Counsel for the Juvenile has advised us that, after searching the entire record, she has been unable to find an arguable question of law that is not frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *State v. Leon*, 104 Ariz. 297 (1969); *Maricopa Cty. Juv. Action No. JV-117258*, 163 Ariz. 484 (App. 1989). Counsel requests that we search the record for fundamental error.

**¶2** We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 8-235(A) and Rule 103(A) of the Arizona Rules of Procedure for the Juvenile Court ("Rule"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶3** The Juvenile has a history of referrals to the juvenile court, including referrals for substance use, attempted shoplifting, and absconding or otherwise failing to report to probation supervision on multiple occasions. In this case, the Juvenile had been adjudicated delinquent for a Class 6 undesignated offense of attempted unlawful use of means of transportation and sentenced to twelve months of probation. On May 28, 2019, the Juvenile was placed on intensive probation. Over the next two days, the Juvenile violated his probation terms by missing his assigned curfew and failing to be available to or keep probation officers informed of his whereabouts. On May 31, 2019, the State filed a petition seeking revocation of the Juvenile's probation. The same day, the Juvenile absconded to Mexico and remained there for two months before turning himself in to authorities.

**¶4** At an advisory hearing on July 30, 2019, the court appointed a public defender to represent the Juvenile. The court advised the Juvenile of his rights and the potential dispositions if the probation violations were proven or admitted. The State requested that the Juvenile remain in custody, arguing that the Juvenile had fifteen complaints, had repeatedly violated probation, and was a flight risk. Although the Juvenile requested release with electronic monitoring, the court determined that he would not be released.

**¶5** At a hearing on August 12, 2019, the Juvenile, through counsel, admitted he violated his conditions of intensive probation. The

Juvenile acknowledged the rights he surrendered in waiving his right to a probation violation hearing. The Juvenile's mother attended the hearing and agreed with the Juvenile's decision to admit the violations. A probation officer testified as to the factual basis of the probation violations, and the Juvenile admitted responsibility. The State and the probation officer recommended the Juvenile be committed to the Arizona Department of Juvenile Corrections ("ADJC"). The Juvenile again requested release with electronic monitoring, citing his girlfriend's pregnancy, his goal to join the military, and his interest in reconnecting with his family. On the recommendation of the State and the probation officer, the court denied release pending disposition.

¶6 On September 16, 2019,[1] the court held the disposition hearing, which the Juvenile's mother and grandfather attended. The State and the probation officer recommended commitment to the ADJC. Through counsel, the Juvenile requested reinstatement on intensive probation with electronic monitoring until age eighteen. The court noted that the Juvenile had previously "absconded seven times" over several cases and that he had "exhausted all reasonable services available to him in Yuma County." The court committed the Juvenile to the ADJC until his eighteenth birthday, with a minimum secured stay of thirty days, designated the underlying offense as a Class 6 felony, and entered judgment of $540 against the Juvenile and his parents. The court also required the Juvenile to pay $50 each month as a supervision fee and recommended that the ADJC treat him for substance abuse. The Juvenile timely filed notice of appeal.

**ANALYSIS**

¶7 We have searched the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *JV-117258*, 163 Ariz. at 488. The Juvenile's admission to the probation violations was made knowingly, voluntarily, and intelligently. He was present and represented by counsel throughout the proceedings, which were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Procedure for the Juvenile Court. The juvenile court entered judgment within its authority pursuant to A.R.S. § 8-341(A).

¶8 With the filing of this decision, counsel's obligations in this appeal have ended. Counsel need do no more than inform the Juvenile of

---

[1] The Juvenile waived the time limit for the disposition hearing. *See* Rule 30(B).

the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**CONCLUSION**

**¶9** We affirm the juvenile court's judgment of detention with ADJC.

