NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE ULISES A.

No. 1 CA-JV 20-0277
FILED 6-17-2021

Appeal from the Superior Court in Yuma County
No. S1400JV20050142
The Honorable Kathryn E. Stocking-Tate, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Yuma County Attorney's Office, Yuma
By Griselda Cordova
*Counsel for Appellee*

Law Offices of Penny Higginbottom, Yuma
By Penny Higginbottom
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which
Judge Cynthia J. Bailey and Judge Lawrence F. Winthrop joined.

**M c M U R D I E**, Judge:

¶1 The juvenile, 16-year-old Ulises A., appeals the superior court's order placing him at a residential treatment facility, Canyon State Academy. Ulises' counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), *State v. Leon*, 104 Ariz. 297 (1969), and *Maricopa Cty. Juv. Action No. JV-117258*, 163 Ariz. 484 (App. 1989), certifying that she found no arguable question of law that was not frivolous after a diligent search of the record. Ulises was allowed to file a *pro se* supplemental brief but did not do so. He did, however, request that counsel raise whether the juvenile court abused its discretion by not appointing Ulises an attorney or imposing other safeguards once a conflict of interest arose between himself and his guardian concerning his placement at Canyon State Academy. Counsel asks this court to search the record for arguable issues of error. *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999); *JV-117258*, 163 Ariz. at 485–88. After reviewing the record, we ordered supplemental briefing. Having reviewed the briefing and record, we affirm the juvenile court's disposition.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In November 2019, Ulises was found to have an empty liquor bottle and prescription medication that had not been prescribed. Shortly thereafter, the State filed a delinquency petition alleging Ulises committed one count of possession of a prescription-only drug in a drug-free school zone and one count of minor in possession of alcohol, both charged as class one misdemeanors.

¶3 At an advisory hearing in February 2020, the juvenile court informed Ulises of the potential punishments he faced and his rights, including his right to counsel and his right to contest the allegations in the petition. Ulises waived his right to an attorney and a hearing and admitted the allegations in the petition. The court dismissed the possession of alcohol count at the State's request, adjudicated Ulises delinquent, and placed him on twelve months' standard probation.

¶4 In June 2020, the probation department filed petitions to modify and revoke Ulises' probation, alleging that he violated multiple conditions of his probation. At a combined advisory and accelerated modification hearing, Ulises waived his right to counsel and a hearing and admitted the allegations in the petition. The court found Ulises violated his probation, set the matter for a disposition hearing, and ordered him to remain in custody until the hearing.

**¶5**          While in custody, he underwent a psychological evaluation that suggested a highly structured behavioral milieu or a similar setting such as Canyon State Academy might enable Ulises to alter his course and begin to reengage or trust others in authority. At the disposition hearing, the court placed Ulises on level one juvenile intensive probation for 12 months. In addition, the court ordered that he undergo a psychiatric evaluation, continue participating in rehabilitative services, and be placed on electronic monitoring for 30 days.

**¶6**          In August 2020, the probation department filed a petition to revoke Ulises' probation, alleging that he violated his intensive probation by removing his electronic monitoring device and leaving his guardian's home without permission. Ulises waived his rights to an attorney and a hearing and admitted the allegations in the petition. He was ordered to remain in detention pending the disposition.

**¶7**          The court conducted a disposition hearing in September 2020. The pre-disposition report recommended that Ulises continue participating in rehabilitative services, be released to his guardian, and wear an electronic monitor for 45 days. His guardian opposed these conditions, arguing that such arrangements had been ineffective in the past. After the court inquired, the probation department confirmed that Ulises could be placed at Canyon State Academy, as recommended in his psychological evaluation. However, in response to a question from the court, Ulises expressed that he would prefer to be released to his guardian rather than placed at Canyon State Academy. The court ultimately ordered that Ulises be placed at the facility but made no written findings of fact or conclusions of law concerning its reasons for doing so.

## DISCUSSION

**¶8**          Ulises suggests that the court abused its discretion by failing to appoint him an attorney when there was a conflict of interest between him and his guardian concerning his placement at Canyon State Academy. Under Arizona Rule of Procedure for the Juvenile Court 10(D) and A.R.S. § 8-221(E), the court shall impose safeguards to protect against a waiver of counsel that is not in the best interests of the juvenile if there is a conflict of interest between the juvenile and his guardian.

**¶9**          But Ulises, who was fifteen years old at the time, was advised of his right to an attorney before the disposition hearing, and he knowingly, intelligently, and voluntarily waived that right. Finally, though Ulises' guardian expressed to the court that releasing him to her custody with an

electronic monitor had proven ineffective in the past, such a statement does not establish that the interests of Ulises and his guardian conflicted. Because no conflict was apparent, the court was not required to impose safeguards under Rule 10(D).

¶10        After reading and considering counsel's brief and reviewing the record for reversible error, *see Leon*, 104 Ariz. at 300, and *JV-117258*, 163 Ariz. at 486, we found an arguable issue: whether the juvenile court committed reversible error by failing to make specific factual findings concerning the requirements of A.R.S. § 8-341.01(B) when it ordered that Ulises be placed at Canyon State Academy. Accordingly, we requested supplemental briefing on that issue and now conclude that it does not constitute reversible error under the facts of this case.

¶11        Under A.R.S. § 8-341.01(B) and Rule of Juvenile Procedure 30(B)(3), the court is required to make written findings that residential treatment services are necessary and the least restrictive option to address a child's behavioral, psychological, social, or mental health needs. When a court makes insufficient findings of fact and conclusions of law, we tailor the proper remedy to the facts of each case. *See Francine C. v. DCS*, 249 Ariz. 289, 299, ¶ 27 (App. 2020). We may resolve an appeal that lacks sufficient findings if we can do so. *Id.* However, where the basis supporting a court's conclusion is not clear, "it is not enough that the appellate court is able to derive bases on which the trial court could have permissibly reached the decision it did from the record. It must be clear how the court actually did arrive at its conclusions." *Id.* at ¶ 19 (internal quotation omitted).

¶12        At the September 2020 disposition hearing, the court considered reinstating Ulises on intensive probation in the custody of his guardian with an electronic monitor where he would continue to participate in rehabilitative services. However, after recognizing that such conditions had been unsuccessful in the past and that Ulises' psychological evaluation had recommended a high-structured behavioral placement or a similar alternative, the court rejected the option.

¶13        The record contains sufficient evidence to support the court's findings that placement at the residential treatment facility was necessary and the least restrictive option available to address Ulises's social and behavioral health needs. Ulises previously admitted that he had recently violated probation conditions substantially like those recommended in the pre-disposition report. In addition, Ulises stated at the disposition hearing that he did not know whether he would abide by those conditions if they were imposed again.

¶14 The record reveals how the court arrived at its conclusion. After receiving the probation department's recommendation that Ulises be placed with his guardian on an electronic monitor, the court expressed concerns regarding Ulises' willingness to abide by the probation conditions and agreed with Ulises' guardian that there was a risk he would remove his electronic monitor if left in her care. After considering the risks and challenges posed by the proposed probation conditions, the court recognized that Ulises' psychological evaluation had recommended Canyon State Academy. It was the only viable alternative to the proposed requirements.

¶15 Because the court's decision-making process and the evidence supporting the court's conclusion is clear from the record, it is unnecessary to remand the case for specific factual findings. *See Francine C.*, 249 Ariz. at 299, ¶ 27 ("Where the record is so clear that the appellate court does not need the aid of findings, the court may waive such defect on the ground that the error is not substantial in that case.").

¶16 After examining the record, we discovered no other arguable question of law. Except as noted above, the proceedings were conducted in compliance with Ulises' statutory and constitutional rights and the Arizona Rules of Procedure for the Juvenile Court. Ulises knowingly, intelligently, and voluntarily waived his right to counsel and contest the petition's allegations.

## CONCLUSION

¶17 We affirm the juvenile court's disposition. After the filing of this decision, defense counsel's obligations pertaining to Ulises' representation in this appeal have ended. Defense counsel need do no more than inform Ulises of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. See Ariz. R.P. Juv. Ct. 107(A); *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED: AA

5